1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VOLCOM, INC., A Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROC NATION, LLC, a Delaware corporation,<br><br>Defendant. | Case No.: SACV 11-00489 JST (FFMx)<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED]**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT** |

Pursuant to Federal Rule of Civil Procedure 26(c), the Court, having considered the parties' request for a *Protective Order*, hereby ORDERS AS FOLLOWS:

### GOOD CAUSE STATEMENT OF THE PARTIES

This litigation involves Plaintiff's allegations that Defendant's Red Diamond Design logo infringes Plaintiff's Stone Logo trademark. Discovery will likely require examination of documents, data, and information which the parties assert is highly confidential. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Specifically, Plaintiff is likely to request information relating to Defendant's methods of developing its trademarks, and financial terms surrounding Defendant's advertisement and sale of products bearing

the Red Diamond Design. Among other things, Defendants will suffer specific prejudice and harm from the public disclosure of confidential product development, marketing, and financial documents. Plaintiff may also suffer specific prejudice and harm from the public disclosure of its private consumption and purchasing information. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 17, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

1. **Definitions:** The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this ***Protective Order***, have the meanings provided. Defined terms may be used in the singular or plural.

    1.1 "Action" means the litigation captioned *Volcom, Inc. v. Roc Nation LLC*, Case No. SACV 11-00489 JST (FFMx).

    1.2 "Producing Party" means a party to the Action, or persons other than a party, including non-party witnesses, that produce *Confidential Information* or *Attorney's Eyes Only Information* to the Receiving Party.

    1.3 "Receiving Party" means the party receiving or requesting production of *Confidential Information* or *Attorney's Eyes Only Information* from the Producing Party.

    1.4 "*Confidential Information*" consists of information, items or materials (1) which reflect or constitute customer lists, billing records, product development documents, financial records, scientific product testing, product formulations, and other similar items, materials and information the Producing Party believes in good faith to constitute confidential information of the

Producing Party, or confidential information of some third party which the Producing Party has in its possession, whether or not such information is recorded or embodied in any physical medium (*i.e.*, a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other mediums, information revealed during testimony, information revealed in interrogatory answers, or information revealed in any other way); and (2) which is designated as *Confidential Information* by the Producing Party in accordance with Sections six through eight of this **Protective Order**.

   1.5 "*Attorney's Eyes Only Information*" means information (1) which reflects nonpublic, proprietary product development information, financial information, programs, designs, and similar information the Producing Party believes in good faith to constitute confidential information of the Producing Party or confidential information of some third party which the Producing Party has in its possession; (2) that is so competitively sensitive that producing the information justifies imposing the requirement on the opposite party that only its counsel may review such information and that its testifying and consulting experts are subject to objection as specified herein, whether or not any such information is recorded or embodied in any physical medium (*i.e.*, whether it is a document, information contained in a document, equipment, information stored or displayed in electronic, magnetic or other medium, information revealed during the taking of testimony, information revealed in interrogatory answers, or information revealed in any other way); and (3) which is designated as *Attorney's Eyes Only Information* by the Producing Party in accordance with Sections six through eight of this **Protective Order**.

   1.6 "Litigation Documents" means all pleadings, motions, discovery responses, affidavits and related papers produced or exchanged in the course of

the Action, or any settlement negotiations related to the Action, and all transcripts of testimony given in depositions. ~~in hearings, or at trial~~. **(FFM)**

    1.7    "Termination" means the dismissal of the Action (whether through settlement or otherwise), or the entry of final judgment and expiration of all periods to appeal or seek judicial review of such judgment or dismissal.

    2.    All *Confidential Information* shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action.  The Receiving Party shall copy *Confidential Information* only to the extent reasonably necessary to prosecute or defend the Action.  The Receiving party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any *Confidential Information* to any individual or entity, except:

    2.1    the Court and its personnel and any Jury impaneled in the Action;

    2.2    court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

    2.3    the Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) who have a need to know the *Confidential Information* in connection with maintaining or defending the Action;

    2.4    the Receiving Party's in-house attorneys (if any) or the support staffs of those attorneys (including legal assistants, secretaries and clerks, and copying service personnel who provide copying and related litigation services at the request of the attorneys) who have a need to know the *Confidential Information* in connection with maintaining or defending the Action;

    2.5    employees of the Receiving Party or other individuals representing the Receiving Party who have a need to know the *Confidential Information* in connection with maintaining or defending the Action and who have executed

4

this Agreement or an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*;

2.6   any testifying or consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*, and (b) is not employed or retained by a competitor of the Producing Party and has no present intention to be employed or retained by a competitor of the Producing Party for a period of one year following termination of the Action.  Provided, however, that any testifying or consulting expert may use *Confidential Information* solely for purposes of the Action and for no other purposes;

2.7   deposition witnesses and other testifying witnesses who (a) were the author or a recipient of a document containing *Confidential Information* and (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving *Confidential Information*;

2.8   any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

2.9   any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court to receive *Confidential Information*.

3.   All *Attorney's Eyes Only Information* shall be used by the Receiving Party solely in connection with the prosecution and defense of the Action.  The Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any *Attorney's Eyes Only Information* to any individual or entity, except:

3.1   the Court and its personnel and any Jury impaneled in the Action;

3.2   court reporters, videographers, and outside translators while present at a deposition, hearing, or trial in the Action;

       3.3    the Receiving Party's outside attorneys retained by or for the Receiving Party in connection with the Action, and the support staffs of those attorneys (including law clerks, legal assistants, secretaries, and clerks, and copying service personnel who provide copying and related litigation services at the request of the outside attorneys) who have a need to know the *Attorney's Eyes Only Information* as a result of assisting in discovery or in the preparation of the Action for trial;

       3.4    any testifying and consulting expert who (a) has executed an agreement in the form of that attached hereto as Exhibit A before receiving *Attorney's Eyes Only Information*, and (b) has not been employed or retained by a competitor of the Producing Party for a period of at least two years prior to the disclosure, and commits in writing to not work or be retained by a competitor of the Producing Party for a period of one year following termination of the Action.  Provided, however, that any testifying or consulting expert may use *Attorney's Eyes Only Information* solely for purposes of the Action and for no other purposes*;*

       3.5    deposition witnesses and other testifying witnesses who (a) were the author or a recipient of a document containing *Attorney's Eyes Only Information* and (b) have executed an agreement in the form of that attached hereto as Exhibit A before receiving *Attorney's Eyes Only Information*;

       3.6    any arbitrator or mediator in connection with an arbitration or mediation of any issue raised in the Action, and such arbitrator's or mediator's support staff; and

       3.7    any other person authorized by written agreement of the parties or by order of the Court to receive *Attorney's Eyes Only Information*.

       4.    No person, other than the individuals described in Sections 2 or 3, shall be permitted to attend any deposition during disclosure of *Confidential Information,* unless the parties agree or the Court orders otherwise.

5.  No person, other than the individuals described in Section 3, shall be permitted to attend any deposition, hearing or trial during disclosure of *Attorney's Eyes Only Information,* unless the parties agree or the Court orders otherwise.

6.  A Producing Party shall designate *Confidential Information* or *Attorney's Eyes Only Information* contained in a document by conspicuously marking the document as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as the case may be, on the first page of the document and thereafter on each interior page containing or disclosing *Confidential Information* or *Attorney's Eyes Only Information*.

7.  A Producing Party shall designate *Confidential Information* or *Attorney's Eyes Only Information* contained or embodied in a thing by conspicuously marking, when practicable, the thing as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as the case may be, or otherwise by identifying the *Confidential Information* or *Attorney's Eyes Only Information* in a separate writing such as a memo or letter.

8.  A Producing Party may designate *Confidential Information* or *Attorney's Eyes Only Information* disclosed during a deposition ~~or hearing~~ **(FFM)** by:

> 8.1  indicating on the record at the deposition ~~or hearing~~ **(FFM)** the specific part of the testimony (including the entire testimony given or to be given by a witness) and all or any part of any document or thing marked for identification that is *Confidential Information* or *Attorney's Eyes Only Information* and subject to the provisions of this **Protective Order**; or

> 8.2  notifying all Receiving Parties within the earlier of (a) twenty-one (21) days from the time the Producing Party receives a deposition ~~or hearing~~ **(FFM)** transcript, or (b) thirty (30) days prior to the trial date, that the transcript contains *Confidential Information* or *Attorney's Eyes Only Information* and specifically identifying those portions (including a witness's entire testimony) that contain *Confidential Information* or *Attorney's Eyes Only Information*.

> 8.3  In the event of a designation pursuant to Section 8.2, nothing shall prevent a Receiving Party from using the testimony of an expert or consultant

7

who relied in his or her analysis on *Confidential Information* or *Attorney's Eyes Only Information* provided that the expert viewed the *Confidential Information* or *Attorney's Eyes Only Information* prior to the Producing Party's designation pursuant to 8.2.

9. A Receiving Party is not obligated to challenge the Producing Party's designation of *Confidential Information* or *Attorney's Eyes Only Information* at the time such a designation is made, and any failure to do so will not waive that party's right to request, at any time, that the Court determine whether the information satisfies the definitions of *Confidential Information* or *Attorney's Eyes Only Information* set forth at Sections 1.4 and 1.5, respectively, or whether the information satisfies the applicable rules with respect to protected confidential information.  Should a Receiving Party challenge a Producing Party's designation, the parties agree to attempt to resolve the dispute in good faith.  If the dispute cannot be resolved and the Receiving Party seeks relief from the Court, the Producing Party will bear the burden of proving that the designation satisfies both the substantive and procedural requirements under Rules 26 and 37 of the Federal Rules of Civil Procedure.  In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of proving that specific prejudice or harm will result if no Protective Order is granted.

10. In the event a Producing Party inadvertently fails to designate *Confidential Information* or *Attorney's Eyes Only Information* when it is first produced or disclosed, that party may, at any time thereafter, designate the *Confidential Information* or *Attorney's Eyes Only Information* by producing the information with the new designation, stamped with the same Bates number as the information it is intended to replace.  Upon receipt of the newly designated information, the Receiving Party will destroy all copies of the original.  The Receiving Party shall not be in breach of this **Protective Order** for any disclosure made prior to

receipt of such notice which would otherwise have been authorized by this Order but for the subsequent designation.

11. Any party may move the Court to amend this **Protective Order** on 5 business days' notice to all parties to the Action and the Producing Party that produced the information in question (or such shorter notice as the Court may require). In any proceedings on such a motion, the prior existence of this **Protective Order** shall not affect the burden of persuasion that would rest upon any proponent of a protective provision. The Court, on its own motion, may amend this **Protective Order.**

12. Nothing in this **Protective Order** shall bar or otherwise restrict any attorney from rendering legal advice to his or her client with respect to this litigation and referring generally to *Confidential Information* or *Attorney's Eyes Only Information* or relying upon the attorney's own examination of *Confidential Information* or *Attorney's Eyes Only Information*.

13. If any Receiving Party is required by law to disclose some portion of the *Confidential Information* or *Attorney's Eyes Only Information* other than as permitted by this **Protective Order**:

> 13.1 the Receiving Party will inform the Producing Party who originally disclosed such *Confidential Information* or *Attorney's Eyes Only Information* of the requirement as soon as practicable after receiving notice of the requirement. The Receiving Party will further inform the Producing Party which *Confidential Information* or *Attorney's Eyes Only Information* it is required to disclose.
>
> 13.2 The Receiving Party shall inform the requiring entity of the Receiving Party's obligations set forth in this **Protective Order**.
>
> 13.3 The Producing Party may seek a Protective Order with confidentiality provisions identical to this **Protective Order**. The Receiving Party shall not oppose the Producing Party's attempts to obtain the Protective

Order in any fashion, including assisting any third party in opposing the entry of such Protective Order.

   13.3.1 If the Producing Party elects to seek a Protective Order under the above section 14.3, it shall notify the Receiving Party within the earlier of (a) twenty (20) days after the Receiving Party sends its notice or (b) two (2) business days before the deadline for complying with the requirement but after the Receiving Party sends its notice.

   13.3.2 If the Producing Party elects not to seek a Protective Order, or if the Receiving Party receives no notice under the above section 14.3.1 within the time established in Section 14.3.1 of this Protective Order, the Receiving Party shall have the right to disclose the required *Confidential Information* or *Attorney's Eyes Only Information*.

   13.3.3 If the Producing Party is unable to obtain a Protective Order satisfactory to the Producing Party after exhausting all applications for writs of mandamus and all interlocutory appeals from the denial of such a Protective Order, the Receiving Party shall have the right to disclose the required *Confidential Information* or *Attorney's Eyes Only Information*.

14. The restrictions of the **Protective Order** shall not apply to, and this Order shall not be construed to prevent, any Receiving Party from making use of or disclosing information that:

 14.1 was lawfully in its possession prior to receipt of such information from a Producing Party, as shown by its written records dated prior to the Producing Party's disclosure;

 14.2 appears in any published material available to the Producing Party's trade or business, available to the public, or otherwise becomes available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or

        14.3  it lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party;

regardless of whether the same has been designated as *Confidential Information* or *Attorney's Eyes Only Information*.

    15.  This **Protective Order** shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidence. This **Protective Order** shall be without prejudice to the rights of any person to oppose production of any information on any proper ground.

    16.  All Litigation Documents to be filed with the Court and designated by either party as containing *Confidential Information* or *Attorney's Eyes Only Information* or referring to any previously designated *Confidential Information* or *Attorney's Eyes Only Information* shall be filed in accordance with Local Rule 79-5, and the party filing any such Litigation Document shall move the Court to file the document under seal. The party seeking to have the document filed under seal shall present a written application and proposed order to the judge, along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of the envelopes. The Court's ruling on the motion shall be determinative of the filing status of the Litigation Document. Where possible and appropriate, upon Court Order, the filing party shall file redacted versions of Litigation Documents in the public docket so as to exclude *Confidential Information* or *Attorney's Eyes Only Information*.

    17.  This paragraph addresses the handling of documents by authorized recipients other than the Court or its employees. Documents filed with the Court shall be handled according to Local Rule 79-5. All documents and things designated as *Confidential Information* or *Attorney's Eyes Only Information* shall be maintained at

all times in the custody of individuals described in Sections 2 or 3, respectively. Within 60 days after Termination of the Action, the original and all copies of each document and thing produced to a Receiving Party which contains *Confidential Information* or *Attorney's Eyes Only Information* shall be returned to the Producing Party or destroyed. Notwithstanding the foregoing: (1) nothing in this Section shall require the destruction of information that resides on server backup tapes and other similar archival records that are generally inaccessible without engaging in affirmative steps to restore such documents as long as such computer archives were made during the ordinary course of business; (2) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as *Confidential Information* or *Attorney's Eyes Only Information* may be retained by the Receiving Party (if authorized to view them) and counsel for the Receiving Party (if authorized to view them); and (3) counsel for the Receiving Party may retain one copy of any notes, memoranda, or other documents that contain excerpts of *Confidential Information* or *Attorney's Eyes Only Information.* Testifying and consulting experts may not retain (a) documents designated by another party or nonparty as *Confidential Information* or *Attorney's Eyes Only Information*, (b) attorney work product, attorney client communications, and information derived from documents designated by another party or nonparty as *Confidential Information* or *Attorney's Eyes Only Information*, or (c) notes, memoranda, or other documents that contain excerpts of *Confidential Information* or *Attorney's Eyes Only Information* designated by another party or nonparty, including without limitation copies of their expert reports, if any. Upon completion of destruction, counsel for the Receiving Party shall promptly certify the destruction in writing to the Producing Party.

18. Insofar as its provisions restrict the use or disclosure of any *Confidential Information* or *Attorney's Eyes Only Information*, this **Protective Order** shall remain binding on the parties after Termination of the Action, and the Court shall retain jurisdiction of all persons and parties bound by this **Protective Order.**

19. With respect to the handling of *Confidential Information* or *Attorney's Eyes Only Information* by the Court, any documents introduced at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

Nothing in this Order shall affect the admissibility into evidence of *Confidential Information* or *Attorney's Eyes Only Information,* or the manner in which court hearings or the trial of this action are to be conducted.

**IT IS SO ORDERED:**


Dated: January 20, 2012 　　　　　　　　/S/ FREDERICK F. MUMM
　　　　　　　　　　　　　　　　　　　　　HON. FREDERICK F. MUMM
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

13

<u>Volcom, Inc. v. Roc Nation, LLC</u>
U.S. District Court, Central District of California, Southern Division
Case No. SACV 11-00489 JST (FFMx)

**<u>Exhibit A</u>**

I, the undersigned, have reviewed the attached Protective Order entered in the above-captioned case (the "Protective Order"), and I acknowledge its terms. Having been advised to seek my own counsel before doing so, I agree to be bound by the terms of the Protective Order and submit to the jurisdiction of the United States District Court for the Central District of California, or any other Court of competent jurisdiction, for purposes of ensuring compliance with the terms of the Protective Order.

Signed this ____ day of _____, 2012.

_____